{¶ 28} I agree with the majority that the conviction in this matter should be affirmed, but I write separately because I reach that conclusion in a manner different from that of the majority.
 {¶ 29} Appellant first argues that the conviction in this matter was against the manifest weight of the evidence because there was not enough proof that he "knowingly" possessed the cocaine. The majority overrules this argument, and holds that appellant's statement to the police that he was "holding it" for his Uncle Darryl was proof of the element "knowingly." I agree that the statement provides some proof of knowledge. But I would hold that when the police stopped the car in which appellant was the only occupant, discovered the jacket on the passenger seat directly next to him, and found that the inside pocket contained cocaine, where no other explanation was offered, a conviction for possession of the cocaine was not against the manifest weight of the evidence. *Page 10 
 {¶ 30} The statement "I'm holding it for my Uncle Darryl" adds weight to the evidence as regards appellant's "knowledge," but is not necessary in order to uphold the conviction against a manifest weight challenge. I think it appropriate to make this distinction in light of appellant's second argument that counsel's failure to seek to suppress the statement constituted ineffective assistance of counsel. In short, I would hold that with or without the statement, there was adequate evidence upon which a trier of fact might convict appellant.
 {¶ 31} In regard to appellant's argument that counsel was ineffective for not challenging the admissibility of his statement, "I am holding it for my Uncle Darryl," it is clear to me from the record that the statement was a spontaneous declaration made by appellant, unrelated to any interrogation or its functional equivalent.[1] See Rhode Island v.Innes (1980), 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297.
 {¶ 32} Finally, I write separately because I am concerned with the following statement of the majority: "In the process of making anarrest, police officers routinely provide a warning to the arrestee that`any statement' may be used against him. Presumably, counsel knew ofthis fact, and decided to forego filing a motion to suppress evidence onthis basis." (Emphasis added.) Were Miranda implicated here, an appellate court's "knowledge" of routine warnings given at arrest could not possibly supply the missing evidence that the warnings were given, nor could that *Page 11 
fact establish a basis of conjecture as to why the issue was not raised by counsel.[2] However, there is in-fact no meritoriousMiranda argument, and counsel, therefore, cannot be faulted for not raising the issue.
 {¶ 33} Accordingly, I would hold that with or without appellant's statement, the conviction for possession of cocaine was not against the manifest weight of the evidence. Further, the allegation of ineffective assistance of counsel for failing to suppress the statement is without merit, as 1) the statement was spontaneously offered by appellant and was not the result of government interrogation; hence Miranda was not implicated, and 2) as noted above, even if suppressed, the conviction would not be against the manifest weight of the evidence.
[1] The officer, upon discovering the cocaine, simply stated to appellant that more charges would be forthcoming.
[2] The State argues in its brief that there is proof that appellant was given his Miranda warnings insofar as a box in the police report was checked next to the words "Miranda warnings given." This report is nowhere in evidence, was not testified to by any witness, and is not part of this record. *Page 1